THE HONORABLE JAMAL N. WHITEHEAD

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| DAVID BRIGGS, MARCUS CARREON, ERIN CHARLTON, EMILY MALDONADO, KELSEY MORSE, ASHLEY PARKER, and KAREN WYGLE, individually and on behalf of all others similarly situated,<br>Plaintiffs,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation.<br><br>Costco | No. 2:26-cv-01064 JNW<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>NOTE OF MOTION CALENDAR: August 7, 2026<br><br>ORAL ARGUMENT REQUESTED |



MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

## TABLE OF CONTENTS


INTRODUCTION ..... 1

FACTUAL BACKGROUND ..... 2

ARGUMENT ..... 3

I. Plaintiffs Adequately Allege Ripeness And Standing ..... 3

A. Plaintiffs' Case Is Ripe For Adjudication ..... 3

B. Plaintiffs Have Standing ..... 5

II. Plaintiffs State Claims Under Rule 12(B)(6) ..... 6

A. Plaintiffs Plausibly State a Claim Under Washington's Consumer Protection Act ..... 6

1. Plaintiffs Plausibly Alleges Unfair Practices and, Alternatively, Deceptive Practices Under the CPA ..... 6

2. Plaintiffs Allege Objective Economic Injury ..... 10

3. The Complaint Pleads Causation ..... 11

B. Plaintiffs State A Claim Under California's UCL ..... 12

1. Plaintiffs Plausibly Allege An Unfair Act ..... 13

C. Plaintiffs State a Claim Under the Ohio Consumer Sales Practices Act ..... 14

1. Plaintiffs Allege Unfair, Deceptive, And Unconscionable Acts And Damages. ..... 14

D. Plaintiffs Allege Unjust Enrichment ..... 20

E. Plaintiffs Allege A Claim For Money Had And Money Received ..... 21

F. Plaintiffs State A Claim Under The Declaratory Judgment Act ..... 21

III. Plaintiffs' Case Should Not Be Stayed Under The First-To-File Rule ..... 22

CONCLUSION ..... 24




MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple Inc. v. VoIP-Pal.com, Inc.*,
506 F. Supp. 3d 947 (N.D. Cal. 2020) ........ 24

*Arrow Reliance, Inc. v. Woodcock*,
2022 WL 3104102 (W.D. Wash. 2022) ........ 5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 6

*Babb v. Regal Marine Indus., Inc.*,
2014 WL 690154 (Wash. Ct. App. Feb. 20, 2014) ........ 10

*Bartell v. LTF Club Operations Co., Inc.*,
2015 WL 1730415 (S.D. Ohio Apr. 14, 2015) ........ 19

*Behring Reg'l Ctr. LLC v. Wolf*,
2021 WL 1164839 (N.D. Cal. Mar. 26, 2021) ........ 22, 23

*Benson v. Double Down Interactive, LLC*,
527 F. Supp. 3d 1267 (W.D. Wash. 2021) ........ 23

*Boeing Co. v. Sierracin Corp.*,
108 Wn.2d 38 (Wash. 1987) ........ 8

*Boorstein v. Men's Journal LLC*,
2012 WL 2152815 (C.D. Cal. June 14, 2012) ........ 13

*Bowen v. Energizer Holdings, Inc.*,
118 F.4th 1134 (9th Cir. 2024) ........ 6

*BP v. W. Coast Prods. LLC v. SKR Inc.*,
989 F. Supp. 2d 1109 (W.D. Wash. 2013) ........ 22

*Burdge v. Kerasotes Showplace Theatres, LLC*,
2006-Ohio-4560 (Ohio Ct. App. 2006) ........ 17

*Chapman v. Tristar Prods., Inc.*,
2016 WL 6216135 (N.D. Ohio Oct. 25, 2016) ........ 17, 18



MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

*Charvat v. Telelytics, LLC*,
2006-Ohio-4623, (Ohio Ct. App. 2006) .................................................. 19

*Coordes v. Wells Fargo Bank, N.A.*,
2019 WL 13201879 (E.D. Wash. Dec. 13, 2019) .................................................. 22

*Dei Rossi v. Whirlpool Corp.*,
2013 WL 5781673 (E.D. Cal. Oct. 24, 2013).................................................. 12

*Dragt v. Dragt/DeTray, LLC*,
139 Wn. App. 560 (Wash. Ct. App. 2007) .................................................. 20

*Eng v. Specialized Loan Servicing*,
20 Wn. App. 2d 435 (Wash. Ct. App. 2021) .................................................. 9

*Ewalt v. Gatehouse Media Ohio Holdings II, Inc.*,
2021 WL 825978 (S.D. Ohio Mar. 4, 2021) .................................................. 15

*Federal Trade Commission v. Neovi, Inc.*,
604 F.3d 1150 (9th Cir. 2010) .................................................. 7

*Frank v. WNB Grp., LLC*,
2019-Ohio-1687 (Ohio Ct. App. 2019) .................................................. 17

*Freeman v. Indochino Apparel, Inc.*,
443 F. Supp. 3d 1107 (N.D. Cal. 2020).................................................. 14

*Gao v. Pentium Atlas Fund III, LP*,
2026 WL 657059 n.3 (W.D. Wash. Mar. 9, 2026).................................................. 10

*Gascho v. Glob. Fitness Holdings, LLC*,
863 F. Supp. 2d 677 (S.D. Ohio 2012).................................................. 19

*Gerawan Farming, Inc. v. Rehrig Pac. Co.*,
2013 WL 1982797 (E.D. Cal. May 13, 2013) .................................................. 13

*Gray v. Amazon.com, Inc.*,
653 F. Supp. 3d 847 (W.D. Wash. 2023) .................................................. 12

*Green Maple Ents., LLC v. Forrester*,
2021-Ohio-4640 (Ohio Ct. App. 2021) .................................................. 15

*Greenberg v. Amazon.com, Inc.*,
3 Wn.3d 434 (Wash. 2024).................................................. 7, 8



MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

*Greenberg*,
2026 WL 26011 .......... 21

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
105 Wash. 2d 778 (Wash. 1986) .......... 7

*Iglesias v. Arizona Beverages USA, LLC*,
2023 WL 6795416 (N.D. Cal. Oct. 13, 2023) .......... 24

*In re Amazon Return Pol'y Litig.*,
2025 WL 1237665 (W.D. Wash. 2025) .......... 22

*In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*,
684 F. Supp. 2d 942 (N.D. Ohio 2009) .......... 18

*Klem v. Wash. Mut. Bank*,
176 Wn.2d 771 (Wash. 2013) .......... 7

*Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*,
787 F.3d 1237 (9th Cir. 2015) .......... 24

*Kwikset Corp. v. Superior Court*,
51 Cal. 4th 310 (Cal. 2011) .......... 13

*Mannix v. DCB Serv., Inc.*,
2004-Ohio-6672 (Ohio Ct. App. 2004) .......... 16

*Marrone v. Philip Morris USA, Inc.*,
2006-Ohio-2869 .......... 17, 19

*McGee v. Diamond Foods, Inc.*,
2016 WL 816003 (S.D. Cal. Mar. 1, 2016) .......... 9

*McKinney v. Microsoft Corp.*,
2011 WL 13228141 (S.D. Ohio May 12, 2011) .......... 15

*McKinney*,
744 F. Supp. 2d .......... 15

*Montes v. SPARC Grp. LLC*,
6 Wn.3d 321 (Wash. 2026) .......... 11

*Musuraca v. Kurlemann Builders, Inc.*,
2007 WL 9898980 (Ohio Ct. Com. Pl. Oct. 25, 2007) .......... 20



MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

*Nathan v. Whirlpool Corp.*,
492 F. Supp. 3d 747 (S.D. Ohio 2020) ........ 16, 19

*Newcal Indus., Inc. v. Ikon Office Sol.*,
513 F.3d 1038 (9th Cir. 2008) ........ 10

*NWDC Resistance v. Immigr. & Customs Enf't*,
2019 WL 12262490 (W.D. Wash. May 30, 2019) ........ 24

*Panag v. Farmers Ins. Co. of Washington*,
166 Wn.2d 27 (Wash. 2009) ........ 9, 10

*Payne v. United California Bank*,
23 Cal. App. 3d 850 (Cal. App. Ct. 1972) ........ 14

*Purdue v. The Kroger Co.*,
2023 WL 1113429 (Ohio Ct. Com. Pl. Jan. 26, 2023) ........ 18

*Rashid v. Cherokee Motors, Inc.*,
1981 WL 169163 (Ohio Ct. Com. Pl. Mar. 11, 1981) ........ 17

*REX–Real Est. Exch., Inc. v. Zillow Inc.*,
2021 WL 3930694 (W.D. Wash. Sept. 2, 2021) ........ 9

*Robinson v. Avis Rent A Car Sys., Inc.*,
106 Wn. App. 104 (Wash. Ct. App. 2001) ........ 10

*Rubio v. Capital One Bank*,
613 F.3d 1195 (9th Cir. 2010) ........ 14

*Sagastume v. Psychemedics Corp.*,
2020 WL 8175597 (C.D. Cal. Nov. 30, 2020) ........ 14

*Schnall v. AT&T Wireless Servs., Inc.*,
171 Wn.2d 260 (Wash. 2011) ........ 12

*Scholl v. Mnuchin*,
483 F. Supp. 3d 822 (N.D. Cal. 2020) ........ 24

*Seekamp v. Small*,
39 Wash. 2d 578 (Wash. 1951) ........ 21

*Sharp v. Vaughanscapes LLC*,
2023 WL 12023093 (Ohio Ct. Com. Pl. May 16, 2023) ........ 20



MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

*Slagle Farms, Inc. v. Int'l Harvester Co.*,
1979 WL 207914 (Ohio Ct. App. May 10, 1979) ........ 15

*SMIC, Americas v. Innovative Foundry Techs. LLC*,
473 F. Supp. 3d 1021 (N.D. Cal. 2020) ........ 24

*Smith v. State Farm Mut. Automobile Ins. Co.*,
93 Cal.App.4th 700 (Cal. Ct. App. 2001) ........ 13

*Sonn v. Taylor*,
1993 WL 382248 (Ohio Ct. App. Sept. 28, 1993) ........ 16

*Sonner v. Premier Nutrition Corp.*,
971 F.3d 834 (9th Cir. 2020) ........ 14

*State v. Rose Chevrolet, Inc.*,
1993 WL 229392 (Ohio Ct. App. June 28, 1993) ........ 17

*Summit Estate, Inc. v. United Healthcare Ins. Co.*,
2020 WL 5436655 (N.D. Cal. Sept. 10, 2020) ........ 14

*Syria v. AllianceOne Receivables Management, Inc.*,
2018 WL 3455499 (W.D. Wash. July 18, 2018) ........ 8

*Texas v. United States*,
523 U.S. 296 (1998) ........ 4

*Thornell v. Seattle Serv. Bureau, Inc.*,
184 Wash. 2d 793 (Wash. 2015) ........ 23

*Trump v. New York*,
592 U.S. 125 (2020) ........ 5

*Vuyancih v. Jones & Assocs. L. Grp., LLC*,
2018-Ohio-685 (Ohio Ct. App. 2018) ........ 19, 20

*Walker v. Cedar Fair, L.P.*,
729 F. Supp. 3d 765 (N.D. Ohio 2024) ........ 19

*Walker v. Dominion Homes, Inc.*,
2005-Ohio-6055 (Ohio Ct. App. 2005) ........ 15, 16

*Warth v. Seldin*,
422 U.S. 490 (1975) ........ 6



MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

*Watson Labs., Inc. v. Rhone-Poulenc Rorer, Inc.*,
178 F. Supp. 2d 1099 (C.D. Cal. 2001) .......... 14

*Woodard v. Boeing Emps. Credit Union*,
2023 WL 4847005 (W.D. Wash. July 28, 2023) .......... 24

*Young v. Young*,
164 Wash. 2d 477 (Wash. 2008) .......... 21

*Zaimi v. Costco Wholesale Corp.*,
2026 WL 1145798 (W.D. Wash. Apr. 28, 2026) .......... 11

**Statutes**

Cal. Bus. & Prof. Code § 17204 .......... 12

O.R.C. § 1345.01 .......... 14

O.R.C. §1345.02(A) .......... 16

O.R.C. §1345.03(A) .......... 16

O.R.C. §1345.03(B) .......... 15

O.R.C. §1345.05(A)(3) .......... 19

O.R.C. §1345.09 .......... 18

O.R.C. §1345.09(A) .......... 17

O.R.C. §1345.09(B) .......... 16, 17, 19

O.R.C. §1345.09(D) .......... 16

RCW 19.86.020 .......... 6



MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

**INTRODUCTION**

Costco's motion rests on a mischaracterization of this case. Plaintiffs do not challenge Costco's general authority to set prices or contend that Costco was prohibited from responding to increased costs associated with the International Emergency Economic Powers Act ("IEEPA") tariffs. Instead, they allege that Costco incorporated those tariffs into the prices of selected goods, thereby passing the cost to its customers, and then sought reimbursement of the same from the government without committing to return those funds to the consumers.

*First*, Plaintiffs' claims are ripe and they have standing. The tariff-refund process is not hypothetical: it is underway. Any uncertainty that remains concerns only the timing and amount of the refunds—not whether a refund is coming or whether Costco is entitled to it. Costco's standing argument fails as well because it is an improper merits dispute not suitable for determination at this stage.

*Second*, Plaintiffs claims survive Rule 12 scrutiny. Plaintiffs have adequately plead their claims under Washington's Consumer Protection Act ("CPA"). Costco's retention of both the tariff-related price increases and the corresponding government refunds satisfies the substantial-injury test. Alternatively, Costco's failure to disclose how it would handle any refunds had the capacity to mislead consumers. Plaintiffs also plead an objective injury—the tariff component of the prices they paid—and causation, as Plaintiffs would not have incurred the resulting injury without the conduct alleged. Plaintiffs' Unfair Competition Law ("UCL") and Ohio Consumer Sales Practices Act ("OCSPA") claims likewise rest on a cognizable monetary loss and an adequately alleged unfair practice. Moreover, Plaintiffs may pursue alternative equitable relief under the UCL at the pleading stage, and Costco's challenge to statutory notice under the OCSPA is premature and fails on the law. Alternatively, Plaintiffs' equitable claims for Unjust Enrichment and Money Had and Money Received likewise are sufficiently alleged because the Complaint makes clear that Plaintiffs funded the tariff costs and possess the superior equitable right to the resulting refunds.



MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

*Third*, the first-to-file rule provides no basis for a stay. Although *Stockov* arises from the same general tariff-refund controversy, it involves an Illinois purchaser and claims governed, according to Costco, by Illinois law. This action involves different plaintiffs, purchases in different states, and claims under Washington, California, Pennsylvania, and Ohio law that cannot be resolved in *Stockov*. Finally, but critically, *Stockov* does not address Plaintiffs' central theory that the Washington CPA applies nationwide to unfair or deceptive conduct originating from Washington-based Costco.

## FACTUAL BACKGROUND

Beginning in February 2025, the federal government imposed IEEPA tariffs on imports from numerous countries. Plaintiffs allege that retailers, like Costco, incorporated those increased costs into their prices, shifting at least part of the economic burden to consumers. Costco in particular was exposed to the tariffs imposed under the IEEPA, as approximately one-third of its U.S. merchandise sales consist of imported goods. ¶¶25–32.[1]

When faced with these increased costs, Costco adjusted its sourcing and pricing decisions and sold affected goods at elevated prices. ¶¶33–45. Costco acknowledged as much in its own public statements, but claimed that it would seek to "minimize the impact" on its members. ¶¶46–48. Notwithstanding Costco's description of price increases from tariffs as a "last resort," it still increased prices. ¶¶49–51. Costco's later reduced prices on certain imported goods further supports that the tariff costs had been incorporated into the prices consumers paid. ¶56.

On February 20, 2026, the Supreme Court deemed the IEEPA tariffs unlawful, thereby permitting importers to seek repayment of the duties paid. ¶¶38–39, 63–65. By that time, Costco had already filed suit in the Court of International Trade ("CIT") seeking invalidation of the tariffs and refunds of all duties collected from it under the challenged orders. ¶¶60–62. The Complaint alleges that Costco, as a major importer, stands to recover substantial tariff refunds.

---

[1] "¶" refer to the Complaint (ECF No. 1) unless otherwise indicated.



MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

¶¶66–68. Indeed, Costco has admitted that it has already "received funds from the government" even if that is "only a portion of the IEEPA tariffs it paid." Mot., p6.

Despite this recovery, Costco has made no binding commitment to return the corresponding amounts to the consumers who paid the tariff-inflated prices. ¶9. Instead, Costco issued vague statements that any tariff refunds would be used prospectively in the form of "lower prices" and "better value." ¶¶10–11, 57–58. This is a far cry from reimbursing the specific purchasers who bore the increased costs and would shift the benefit to an unidentified group of future shoppers while leaving the purchasers who funded the tariff payments uncompensated. ¶¶10–11, 59.

Each Plaintiff alleges that, during the Class Period, they purchased imported goods from Costco at prices increased to account for the IEEPA tariffs and would not have paid those higher prices absent Costco's tariff pass-through. ¶¶18–24. Plaintiffs accordingly allege that Costco seeks to recover the same economic burden twice—first through overcharging them and again through refunds from the federal government—without restoring the corresponding amounts to the consumers who paid them. ¶¶7–14, 67–68.

## ARGUMENT

### I. Plaintiffs Adequately Allege Ripeness And Standing

#### A. Plaintiffs' Case Is Ripe For Adjudication

The question to be answered is whether Costco should retain the refund of "a portion of the IEEPA tariffs it paid" and has already collected. Mot., p6. This is not hypothetical, or contingent—Costco has already received money that Plaintiffs claim is owed to them. Costco will receive more money, but even if it does not, the amounts it has received already suffice. The current case is not dependent on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted).



MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

On March 4, 2026, the CIT, ordered liquidation or reliquidation of entries that were subject to IEEPA duties. *Atmus Filtration, Inc. v. United States*, No. 26-01259, ECF No. 21; *see also V.O.S. Selections, Inc. v. United States*, No. 25-00066, ECF No. 73 (mandate). "The natural result of the order was that the unlawfully assessed duties would be refunded." *In re Tariffs Collected in Reliance on International Emergency Economic Powers Act (IEEPA)*, No. 25-00595 ECF No. 53 at 1-2. As of July 10, 2026, the resulting refund program has accepted for processing $121,750,000,000 of the approximately $166,000,000,000 to be refunded. *Id* at 2. Thus far approximately $86,300,000,000 has already been sent to the U.S. Department of Treasury for disbursement. *Id.*[2]

In *Trump v. New York*, President Trump publicly indicated a policy preference about whether to include certain immigrants in the census, but such "policy may not prove feasible to implement in any manner whatsoever, let alone in a manner substantially likely to harm any of the plaintiffs here." *Trump v. New York*, 592 U.S. 125, 132 (2020). That is very different from here where the implementation of the Supreme Court's IEEPA ruling is not only underway but more than half complete.

Likewise, the Court in *Arrow Reliance* dismissed plaintiffs' complaint, premised on the FDA's lack of final statement about whether salmonella was present in certain dog food, on prudential ripeness grounds. *Arrow Reliance, Inc. v. Woodcock*, 2022 WL 3104102, at *2 (W.D. Wash. 2022). But here, the legal status of the refunds is settled. Costco is also wrong that the government's appeal in *Euro-Notions Florida* could invalidate Costco's process for receiving a refund. The sole basis of that appeal is that refunds should be issued only to those companies that

[2] Further cutting against Costco's ripeness argument is the CIT's recent July 17, 2026 order directing CBP to reliquidate qualifying entries without regard to IEEPA duties. *In re Tariffs Collected in Reliance on International Emergency Economic Powers Act (IEEPA)*, No. 1:25-cv-00334-RKE, ECF No. 10, at 2–4 (Ct. Int'l Trade July 17, 2026). This makes clear that only administrative concerns remain with tariff refunds.



MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

already sued for refunds. *V.O.S. Selections*, No. 25-00066, ECF No. 88 at *3 (Ct. Int'l Trade May 29, 2026). Costco is one of those companies. ¶¶60-61.

Costco's argument that it may change course and refund tariff costs to customers is not a ripeness argument as much as an argument about speculative future mootness. Any defendant may, after litigation begins, choose to compromise and settle the case. To date, Costco has returned none of the tariff refund money it received through the tariff related price increases to customers.

**B. Plaintiffs Have Standing**

A significant portion of the products Costco sells are imported goods subject to IEEPA tariffs imposed by the United States government. ¶¶25, 30-32. Costco's leadership described tariffs as capable of causing meaningful price increases across imported merchandise categories. ¶47. Costco in fact increased prices on tariffed goods. ¶¶48-51.

Plaintiffs each allege that they purchased goods from countries subject to IEEPA tariffs, during the time of the tariffs, and that Costco passed those tariffs through to them through increased prices of goods they purchased. ¶¶18-24. Looking at the totality of the circumstances, Plaintiffs' allegations about whether Costco raised prices on the goods they purchased due to tariffs are plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Unlike in *Warth*, where the court denied standing to plaintiffs asserting injuries suffered by other, unidentified people, Plaintiffs here allege "a distinct and palpable injury to" themselves. *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

Costco also launches a factual attack on Plaintiffs' standing when it claims "not all products imported from countries subject to IEEPA tariffs were covered by those tariffs" and "Costco will receive no refunds as to goods imported from IEEPA countries for which Costco was not the importer of record (even if the increased cost was passed on to Costco)." Mot., p7. Neither of these allegations appear in the Complaint. Yet, Costco uses them to question whether Plaintiffs purchased goods on which it raised prices due to tariffs. Costco's question is



MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

inseparably intertwined with the merits of the case. "[W]hen jurisdictional issues are intertwined with an element of the merits of the plaintiff's claim, the court must treat the motion like a motion for summary judgment and leave the resolution of material factual disputes to the trier of fact." *Bowen v. Energizer Holdings, Inc.*, 118 F.4th 1134, 1143 (9th Cir. 2024) (internal quotations omitted). "[J]urisdictional issue[s] and substantive issues are deemed intertwined [when] the question of jurisdiction is dependent on the resolution of factual issues going to the merits." *Id.* (internal quotations omitted). Whether a specific product purchased by a Plaintiff was a product on which Costco imposed a price increase due to tariffs, and whether Costco's own recovery affects any particular Plaintiff's claim, are questions of fact appropriately resolved through discovery, not grounds for dismissal.

## II. Plaintiffs State Claims Under Rule 12(B)(6)

### A. Plaintiffs Plausibly State a Claim Under Washington's Consumer Protection Act

Costco argues that Plaintiffs' CPA claims should be dismissed because they have not alleged an unfair or deceptive act or practice; injury to business or property; and causation. Mot., pp8–13.[3] These arguments are misplaced.

#### 1. Plaintiffs Plausibly Alleges Unfair Practices and, Alternatively, Deceptive Practices Under the CPA

Plaintiff may allege either an unfair practice ***or*** a deceptive one. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 784 (Wash. 1986); *see* RCW 19.86.020; *see also Klem v. Wash. Mut. Bank*, 176 Wn.2d 771, 786 (Wash. 2013) ("The 'or' between 'unfair' and 'deceptive' is disjunctive."). Washington law accordingly recognizes several paths to liability, including a case-specific unfair practice not otherwise regulated by statute or conduct having the capacity to deceive a substantial portion of the public. *Greenberg v. Amazon.com, Inc.*, 3 Wn.3d 434, 454–59 (Wash. 2024).

[3] Costco does not challenge that the alleged practices occurred in trade or commerce or affected the public interest.



MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

**a. Costco's Unfair Practices**

Plaintiffs' principal theory is that Costco engaged in an unfair act or practice under the "substantial-injury test" which requires allegations that the practice: (1) causes or is likely to cause substantial injury to consumers, (2) that consumers cannot reasonably avoid, and (3) that is not outweighed by countervailing benefits to consumers or competition. *Id.* at 455–60.

***First***, as explained in *Federal Trade Commission v. Neovi, Inc.*, substantial injury may arise from "a small harm to a large number of people[.]" 604 F.3d 1150, 1157 (9th Cir. 2010). That is what Plaintiffs allege here. Each Plaintiff alleges that Costco increased the price of imported goods to account for IEEPA tariffs, that they paid those increased prices, and that the higher amount would not have been paid absent Costco's tariff pass-through. ¶¶18–24. The same pricing practice allegedly affected hundreds of thousands or millions of Costco purchasers. ¶¶13, 69–78. Thus, even if the tariff-related overcharge was modest on any single purchase, its imposition across all Costco's customers constitutes a substantial consumer injury.

***Second***, Plaintiffs' injuries were not reasonably avoidable. Costco argues (Mot., p12) that consumers fail this prong because there was nothing forcing them to shop at Costco. But reasonable avoidability turns on whether consumers had a "free and informed choice," including reason to anticipate the harm and a practical means to avoid or mitigate it. *Greenberg*, 3 Wn.3d at 460–62. Plaintiffs allege that the tariff amount was embedded in the total price of affected goods. ¶¶18–24, 43–59. That purchaser could not determine which portion represented an IEEPA duty, what refund would correspond to the purchase, or whether Costco would later retain that refund rather than return it. That distinguishes *Syria v. AllianceOne Receivables Management, Inc.*, 2018 WL 3455499 (W.D. Wash. July 18, 2018), because there the plaintiff was expressly told of a separate credit-card fee and voluntarily selected that payment option. *Id.* at *4.

***Third***, Costco's alleged practice has no countervailing benefit. Although Costco may have had a reason to recover a tariff cost while it remained a cost, that rationale does not explain



MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

why Costco should retain both the tariff component collected from consumers and a government reimbursement of the same. ¶¶5–11, 57–68.

Costco's ancillary arguments that the conduct is not immoral, oppressive, or contrary to public policy do not change the result. Mot., pp11-12. *First*, the "substantial injury test" is independently sufficient to establish a CPA claim. *Greenberg*, 3 Wash. 3d at 459. *Second*, Costco's argument that it raised prices as a legitimate business practice, isolates the wrong conduct. The challenged conduct is the second recovery of the tariff amounts from the government while not returning the tariff-related amounts to consumers. ¶¶5–14, 57–68. Even accepting from *Boeing Co. v. Sierracin Corp.*, 108 Wn.2d 38, 54 (Wash. 1987) that business concerns matter under the CPA, any purported justification for the initial tariff-related price adjustment, again, does not establish a justification for retaining the pass-through of that cost and the refund from the government.[4]

Plaintiffs are not asking the Court to regulate Costco's prices or hold that a retailer may never adjust prices in response to increased costs. The fundamental unfairness alleged in the Complaint is Costco's attempts to retain the benefit of that consumer-paid tariff component and obtain reimbursement of the same from the government. Allowing Costco to recover once from consumers and again from the government while retaining both amounts would create an unjustified double recovery prohibited by the CPA's unfairness prong.

**b. Costco's Deceptive Practices**

Under the CPA, deception exists when a representation, omission, or practice is likely to mislead a reasonable consumer. *Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 47-50 (Wash. 2009). A plaintiff need not prove intent to deceive or actual deception. *Id*. Even an accurate statement may be deceptive when it creates a misleading impression. *Eng v. Specialized Loan Servicing*, 20 Wn. App. 2d 435, 445–46 (Wash. Ct. App. 2021). The Complaint alleges that

[4] Costco also cites *McGee v. Diamond Foods, Inc.*, 2016 WL 816003, at *8 (S.D. Cal. Mar. 1, 2016), but the court there applied California law and held only that an increased profit margin is not inherently unfair.



MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

Costco publicly said it would "minimize the impact" of tariff-related cost increases and described raising prices as a "last resort," while increasing selected prices because of tariffs and failing to articulate a plan to return corresponding refunds to purchasers. ¶¶46–59, 98. Costco also failed to disclose that it planned to challenge the tariffs underlying its price increases and intended to retain any resulting refunds for itself. ¶¶57–61, 98. Those statements and omissions plausibly created an actionable misleading impression under the CPA.

And Costco's argument that Rule 9(b) applies here, Mot. at 10, is misplaced because Plaintiffs' claims rests on conduct having a tendency or capacity to deceive as opposed to fraudulent intent or a "unified fraudulent course of conduct." *REX–Real Est. Exch., Inc. v. Zillow Inc.*, 2021 WL 3930694, at *8 (W.D. Wash. Sept. 2, 2021). See ¶¶46–50, 57–59, 98.[5] Even if Rule 9(b) applies, the Complaint identifies the misleading statements with the specificity required. The Complaint identifies specific public statements and actions that Costco acknowledged tariff-driven price increases, sought refunds, and stated that any refunds would be used prospectively rather than reimburse prior purchasers. ¶¶ 46, 49–50, 57, 60–61.

Costco's other arguments fail as well. *First*, the alleged statements were not "puffery" like the vague slogans in the cases Costco cites,[6] they were instead specific representations by its executives about how tariff costs would affect prices, coupled with material omissions regarding refunds. ¶¶46–59, 98. *Second*, the public availability of Costco's tariff refund action (Mot., pp10-11) also does not eliminate a deception-based claim. The alleged omission is not merely that Costco filed a refund suit; it is that Costco passed tariff costs through to consumers and made no

---

[5] Costco does not argue that Rule 9(b) applies to Plaintiffs' unfairness theory and, indeed, it does not because that theory is based on Costco's nonfraudulent course of conduct. *See e.g., Gao v. Pentium Atlas Fund III, LP*, 2026 WL 657059, at *6 n.3 (W.D. Wash. Mar. 9, 2026) (describing that not all "claims brought under the CPA must be pled with the specificity prescribed by Rule 9(b)").

[6] *See Babb v. Regal Marine Indus., Inc.*, 2014 WL 690154, at *3 (Wash. Ct. App. Feb. 20, 2014) (general claims that manufacturer "stood behind" its products and provided "exceptional" service); *Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1052–53 (9th Cir. 2008) (general promises of "flexibility" and "lower costs").



MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

binding commitment to return any corresponding refunds to those consumers. ¶¶9–11, 57–68.[7] *Third*, Costco's statement that it was considering the "best way" to return value only confirms that Costco had not committed to reimburse the specific purchasers. Mot., p6. *Finally*, Plaintiffs establishing that Costco intended to keep any refunds manufactures an unnecessary requirement under the CPA. S*ee Panag*, 166 Wn.2d at 47.

**2. Plaintiffs Allege Objective Economic Injury**

Plaintiffs also allege injury to their business or property, which is satisfied by an economic loss, and "need not be great"; it may be minimal, temporary, or difficult to quantify. *Montes v. SPARC Grp. LLC*, 6 Wn.3d 321, 331 (Wash. 2026).

Judge Chun's recent decision in *Zaimi v. Costco Wholesale Corp.*, 2026 WL 1145798 (W.D. Wash. Apr. 28, 2026) in instructive. There, the court denied Costco's motion to dismiss where the plaintiff alleged that Costco embedded a shipping charge in an item's purchase price while representing that shipping was free. *Id.* at *6 & n.9. The court rejected Costco's argument—the same argument it makes here (Mot., pp8-9)—that the plaintiff "received the value that she paid for." *Id.* at *6. The same principle applies here. Costco increased prices to account for tariffs, and each Plaintiff paid those tariff-inflated prices. ¶¶18–24, 43–55, 101–03. Those allegations identify a direct diminution of Plaintiffs' money therefore satisfying the injury requirement.

Costco relies on *Montes*, but the holding there was specific to the facts alleged. There a consumer bought a product based on a misrepresentation about its "discounted price, comparative price, or price history." *Montes*, 6 Wn.3d at 338–39. The plaintiff bought $6 leggings advertised as marked down from $12.50, received the exact leggings advertised, and did not allege that they were worth less than what she paid. *Id.* at 324–25. Critically, the plaintiff conceded that the actual

---

[7] *Robinson v. Avis Rent A Car Sys., Inc.*, 106 Wn. App. 104 (Wash. Ct. App. 2001), is distinguishable. There, the court held that omitting a material fee could be deceptive, but affirmed summary judgment because the record showed the fee had been disclosed. *Id.* at 116–22. Here, there was no disclosure by Costco. ¶¶9–11, 57–59, 67–68.



MILBERG, PLLC
1700 7[TH] Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

market value of the leggings was approximately the price she paid. *Id.* at 333–38. The court found her alleged injury was therefore the disappointment that she had not received the bargain represented. *Id.* at 334–38. Here, Plaintiffs do not concede that the tariff-inclusive price they paid reflected the actual value of the goods they received, they allege the opposite—that absent the tariff pass-through, the price they paid would have been lower. ¶¶18–24, 45, 50–59, 101–03.

**3. The Complaint Pleads Causation**

Costco next argues that Plaintiffs fail to plead causation. Mot., pp12–13. CPA causation requires a plaintiff to allege that "but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury." *Schnall v. AT&T Wireless Servs., Inc.*, 171 Wn.2d 260, 278 (Wash. 2011).

Under their primary unfairness theory, Plaintiffs allege that tariffs increased Costco's costs; Costco incorporated those costs into selected retail prices; Plaintiffs purchased affected goods and paid those higher prices; and Costco now seeks reimbursement of the same duties without committing to restore the corresponding payment. ¶¶18–24, 40–68, 101–03. If those allegations are true, the challenged conduct caused the diminution of Plaintiffs' money. Plaintiffs need not identify a cheaper competitor price to plead causation. Mot., pp12–13. The relevant comparator is Costco's own price without the tariff component. The Complaint supports that inference with Costco's admissions that tariffs caused price increases, and later reduced prices on certain goods when tariff pressure eased. ¶¶43–58.

Causation is also alleged for Plaintiffs' alternative deception theory. Costco failed to disclose that it could later recover those duties without reimbursing the consumers who paid them. ¶¶46–59, 98, 101–03. Plaintiffs further allege that, but for Costco's challenged conduct, they would not have paid the inflated prices. ¶103. *Gray v. Amazon.com, Inc.*, 653 F. Supp. 3d 847, 859–60 (W.D. Wash. 2023) is therefore distinguishable because there the plaintiffs never alleged they saw or heard the allegedly deceptive affirmative statements. *Id.* But Plaintiffs'



MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

deception theory here rests mainly on Costco's omissions and failure to disclose that it would seek tariff refunds. ¶¶9–11, 57–59, 98.

**B. Plaintiffs State A Claim Under California's UCL**

Because California UCL claims are governed by the substantial injury test, with requirements identical those under the Washington's CPA (*see Dei Rossi v. Whirlpool Corp.*, 2013 WL 5781673, at *12 (E.D. Cal. Oct. 24, 2013)), Plaintiffs have sufficiently pleaded their UCL claims. *See supra* § II.A.2.a.

Indeed, there are "innumerable ways" in which economic injury from unfair competition may be shown. "A plaintiff may for instance, (1) surrender in a transaction more, or acquire in a transaction less, than he or she otherwise would have; (2) have a present or future property interest diminished; (3) be deprived of money or property to which he or she has a cognizable claim; or (4) be required to enter into a transaction, costing money or property, that would otherwise have been unnecessary." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 323 (Cal. 2011). Here, Plaintiffs paid a premium price for goods purchased from Costco due to an illegal tariff and thus have been deprived of money or property to which they have a cognizable claim.

The cases cited by Costco on this point are distinguishable. In *Gerawan*, the court held that plaintiff did not have a vested interest in defendant's profits and thus damages were not recoverable. *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, 2013 WL 1982797, at *7 (E.D. Cal. May 13, 2013). Here, Costco explicitly charged Plaintiffs inflated prices as a result of illegal tariffs. This pattern, of overcharging customers based on an illegal tariff, and then seeking reimbursement for those tariffs, creates a reasonable basis for Plaintiffs to expect those overcharges to be reimbursed. In *Boorstein*, the court held that plaintiff failed to allege an economic injury because plaintiff did not have "lost money or property" as a result of the relevant business practice. *Boorstein v. Men's Journal LLC*, 2012 WL 2152815, at *5 (C.D. Cal. June 14, 2012) (quoting Cal. Bus. & Prof. Code § 17204). Here, Plaintiffs lost money by paying tariff-inflated prices that Costco knew, or should have known, were based on likely unlawful tariffs.



MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

Costco has not reimbursed Plaintiffs even though those tariffs have now been invalidated and Costco has recovered, and will recover more, of what it has already passed through to consumers.

**1. Plaintiffs Plausibly Allege An Unfair Act**

Costco's argument that Plaintiffs fail to allege an unfair act, Mot., pp13-14, fails just the same. The UCL's "unfair" standard provides an independent basis for relief and is "intentionally broad...." *Smith v. State Farm Mut. Automobile Ins. Co.*, 93 Cal.App.4th 700, 718 (Cal. Ct. App. 2001). "[W]hether a business practice is unfair 'involves an examination of [that practice's] impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer." *Id*. Plaintiffs adequately plead an "unfair" claim by alleging that the harm caused by Costco's refusal to reimburse consumers outweighs any justification for retaining the tariff-related overcharges. ¶123; *Rubio v. Capital One Bank*, 613 F.3d 1195, 1205 (9th Cir. 2010). Costco allegedly passed unlawful tariff costs on to consumers, recovered or seeks to recover those same amounts from the government, and now refuses to reimburse the consumers who paid them.[8] Moreover, whether a business act or practice is unfair is a question of fact, *see Watson Labs., Inc. v. Rhone-Poulenc Rorer, Inc.*, 178 F. Supp. 2d 1099 (C.D. Cal. 2001); *Payne v. United California Bank*, 23 Cal. App. 3d 850, 856 (Cal. App. Ct. 1972), that should not be adjudicated at this early juncture.

Finally, Costco argues that Plaintiffs' UCL claim should be dismissed on the ground that Plaintiffs "fail[ed] to allege that they lack an adequate remedy at law." Mot., p15. Costco cites *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) in support. In *Sonner* the plaintiff filed a complaint with claims for damages and equitable relief under the UCL, but then dropped all claims for legal remedies on the eve of trial. *Id.* at 837. The UCL claim was then dismissed by the Ninth Circuit. *Id.* at 844. Courts throughout the Ninth Circuit have found that *Sonner* has limited applicability at the pleading stage. *See Freeman v. Indochino Apparel, Inc.,*

[8] Costco's reliance argument also fails because only a UCL claim *sounding in fraud* requires reliance. Plaintiffs are not asserting a claim under the "fraudulent" prong of the UCL.



MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

443 F. Supp. 3d 1107, 1114 (N.D. Cal. 2020) ("Plaintiff may allege claims in the alternative at the pleading stage."); *Summit Estate, Inc. v. United Healthcare Ins. Co.*, 2020 WL 5436655, at *9 (N.D. Cal. Sept. 10, 2020); *Sagastume v. Psychemedics Corp.*, 2020 WL 8175597, at *7 (C.D. Cal. Nov. 30, 2020) ("*Sonner* does not hold that plaintiffs may not seek alternative remedies at the pleading stage.") (citations omitted). Plaintiffs plead their UCL claim in the alternative to their claims for Unjust Enrichment and Money Had and Received. ¶¶83–94. Because the availability and adequacy of those alternative legal remedies cannot yet be determined, dismissal of the UCL claim at this stage is premature.

**C. Plaintiffs State a Claim Under the Ohio Consumer Sales Practices Act**

**1. Plaintiffs Allege Unfair, Deceptive, And Unconscionable Acts And Damages.**

Costco violated OCSPA, Ohio Revised Code § 1345.01, *et seq*., by increasing prices due to tariffs and then failing to refund those price increases when the tariffs were invalidated. This is unfair and deceptive under § 1345.02(A), and unconscionable under § 1345.03(A).

An act or practice is "unfair" under the OCSPA if it is marked by injustice, partiality, deception, or results in inequitable business dealings. *Walker v. Dominion Homes, Inc.*, 2005-Ohio-6055, ¶25 (Ohio Ct. App. 2005). An act or practice is "unconscionable" if it can be characterized as unscrupulous, excessive, exorbitant, lying outside of the limits of what is reasonable or acceptable, outrageous, or offensive to the public conscience. *Slagle Farms, Inc. v. Int'l Harvester Co.*, 1979 WL 207914, *4–5 (Ohio Ct. App. May 10, 1979). Costco's retention of tariff refunds, despite having shifted those costs to consumers via tariff surcharges, is an unfair and unconscionable act under OCSPA. Plaintiffs paid more than the value they received, and Costco failed to return the resulting surplus. ¶110. This was, among other things, unscrupulous, outrageous, offensive to the public conscience, and/or marked by injustice, partiality, or deception. *Id.* Although Plaintiffs have detailed the alleged facts in support of their claims, the Rule 9(b) particularity pleading does not apply to claims under the OCSPA. *McKinney v.*



MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

*Microsoft Corp.*, 2011 WL 13228141, at *14–15 (S.D. Ohio May 12, 2011); *Ewalt v. Gatehouse Media Ohio Holdings II, Inc.*, 2021 WL 825978, at *15-16 (S.D. Ohio Mar. 4, 2021).

Costco argues that "[c]onduct is unconscionable if 'a supplier manipulat[es] a consumer's understanding of the nature of the transaction at issue'" Mot., p17 (quoting *McKinney*, 744 F. Supp. 2d at 743); *see also* O.R.C. §1345.03(B) (listing seven factors that juries can consider to determine if an act or practice is unconscionable, including whether "the supplier knowingly made a misleading statement of opinion on which the consumer was likely to rely to the consumer's detriment"). However, "the factors listed in R.C. 1345.03(B) are non-exclusive." *Green Maple Ents., LLC v. Forrester*, 2021-Ohio-4640, ¶19 (Ohio Ct. App. 2021). Therefore, "acts not specifically listed under … R.C. 1345.03 might [also] be found to be … unconscionable." *Sonn v. Taylor*, 1993 WL 382248, *4 (Ohio Ct. App. Sept. 28, 1993). Ultimately, "the CSPA must be liberally construed in favor of consumers." *Walker*, 2005-Ohio-6055, at ¶20.

To be sure, Plaintiffs' understanding of the transactions was manipulated, which is why Costco's conduct was also deceptive. Reasonable consumers, like Plaintiffs, would not expect to pay increased prices in response to *unlawful* tariffs. Although Costco may not have known with certainty that the tariffs were unlawful when it increased prices, the relevant inquiry is the practice's effect on consumers, not Costco's intent. *Walker*, 2005-Ohio-6055, ¶25 ("a court must focus upon how the consumer views the act or practice, and *not whether the supplier intended to be unfair or deceptive*") (emphasis added). "The basic test is one of fairness; the act need not rise to the level of fraud, negligence, or breach of contract." *Mannix v. DCB Serv., Inc.*, 2004-Ohio-6672, ¶18 (Ohio Ct. App. 2004). Ultimately, "[w]hether any given acts or practice may be unfair or deceptive is an issue of fact to be decided from all the relevant facts and circumstances in the particular case." *Id.*; *see also Nathan v. Whirlpool Corp.*, 492 F. Supp. 3d 747, 760 (S.D. Ohio 2020) ("Whether a particular representation could deceive a reasonable consumer is typically a question of fact to be decided by a jury.").



MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

Costco, again, focuses on the wrong stage of the transaction, challenging causation by pointing out that it "was open about increasing prices on some products because of IEEPA tariffs," and that it never promised to refrain from raising prices in response to tariffs. Mot., pp16-17. Importantly, the OCSPA applies to conduct that occurs before, during, or *after* a consumer transaction. O.R.C. §1345.02(A); O.R.C. §1345.03(A). Plaintiffs do not contend that increasing prices to account for lawful tariffs violates the OCSPA, rather once those tariffs were declared unlawful, Costco's retention of the resulting excess revenue became unfair, deceptive, or unconscionable.

Plaintiffs have therefore suffered benefit of the bargain damages by paying more for products than they otherwise would have had they known the prices were inflated by unlawful tariffs. *See State v. Rose Chevrolet, Inc.*, 1993 WL 229392, at *2 (Ohio Ct. App. June 28, 1993) (under the "benefit of the bargain" rule, "the measure of damages to be awarded is the difference between the value of property as it was represented to be and its actual value at the time it was received or purchased.") (collecting cases). Once the tariffs were invalidated, it became unfair, unconscionable, and deceptive for Costco to retain the excess revenue it collected.

Even if this were not the case, Plaintiffs' claims would survive because they do not need to suffer actual damages to maintain an action under the OCSPA. *Burdge v. Kerasotes Showplace Theatres, LLC*, 2006-Ohio-4560, ¶55 (Ohio Ct. App. 2006) ("In general, actual injury is not a necessary prerequisite to recovery under the CSPA."). Instead, individuals may recover statutory damages under O.R.C. §1345.09(B). Furthermore, "[a]ny consumer may seek a declaratory judgment, an injunction, or other appropriate relief against an act or practice that violates [the OCSPA]." O.R.C. §1345.09(D); *see also Rashid v. Cherokee Motors, Inc.*, 1981 WL 169163, at *2 (Ohio Ct. Com. Pl. Mar. 11, 1981) ("an injunction may be issued upon the mere showing that the Act has been violated").

Costco's has received statutory notice under the OSCPA, but assessment of same would be premature at this stage in any event. As an initial matter, Plaintiffs are permitted to seek



MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

declaratory judgment and injunctive relief under R.C. 1345.09(D). They will also be able to recover individual damages, which does not require prior notice. *See* O.R.C. §1345.09(A); *Frank v. WNB Grp., LLC*, 2019-Ohio-1687, ¶19 (Ohio Ct. App. 2019) (explaining that the absence of prior notice under O.R.C. §1345.09(B) does not prevent a court from holding a defendant liable under the OCSPA). Only O.R.C. 1345.09(B) limits class members' ability recover damages to situations where the Ohio Attorney General or another court has found a violation of the OCSPA based on similar conduct. *See Marrone v. Philip Morris USA, Inc.*, 2006-Ohio-2869.

Moreover, inquiry into statutory notice under OSCPA at this stage is premature. The Court should defer Costco's argument about class notice until class certification or summary judgment. *Chapman v. Tristar Prods., Inc.*, 2016 WL 6216135, at *3-4 (N.D. Ohio Oct. 25, 2016) (holding that an OCSPA "belongs at the class certification or summary judgment stages"); *In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 684 F. Supp. 2d 942, 948 (N.D. Ohio 2009) (same). Ohio courts have reached similar conclusions. In *Purdue v. The Kroger Co.*, 2023 WL 1113429 (Ohio Ct. Com. Pl. Jan. 26, 2023), Justice Megan Shanahan (as a Common Pleas judge shortly before joining the Ohio Supreme Court) rejected a similar class notice argument at the pleading stage. *See id.* at *5 (agreeing that "the pleading stage is not the time to address the issue of the viability of the class claims."). Plaintiffs here bring their claims both individually and on behalf of a class. ¶106. Accordingly, the Court should defer questions related to statutory notice.

If the Court decides to address the issue of statutory notice now, it should hold that there is sufficient notice for the Court to certify a class and award damages under O.R.C. §1345.09(B). Like the other aspects of the OCSPA, its notice requirement should be liberally construed in favor of consumers. *Chapman*, 2016 WL 6216135, at *4. The Complaint cites two cases in the Ohio Public Inspection File ("PIF") that placed Costco on notice that its conduct violated the OCSPA. *See* ¶112 (citing *Celebrezze v. Fleskes*, Case No. 88 914, PIF No. 10001015 (Ohio Ct. Com. Pl.),



MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

and *Cordray v. USA Direct, Inc.*, Case No. A0807777, PIF No. 10002838 (Ohio Ct. Com. Pl.)).[9] In *Fleskes*, the defendants were "engaged in the business of promoting and selling grocery goods and services" but "misrepresented the savings available to consumers and have failed to deliver the promised goods and services." *Fleskes*, Case No. 88 914, PIF No. 10001015. And in *USA Direct*, "[d]efendant operated buying clubs whereby prospective consumers could purchase products direct from manufacturers through defendant's buying club services," but failed to deliver the savings and benefits that were promised. *See USA Direct*, Case No. A0807777, PIF No. 10002838.

Costco argues the facts of *Fleskes* and *USA Direct* are not similar enough to provide notice because they did not involve tariffs. *See* Mot., p19. However, the "substantially similar" requirement "does not mandate identical facts," which would be "virtually impossible to show" because every situation is distinguishable. *Gascho v. Glob. Fitness Holdings, LLC*, 863 F. Supp. 2d 677, 696 (S.D. Ohio 2012). Rather, the level of specificity must merely "go beyond the general prohibitions of the CSPA." *Id.* In other words, the alleged notice should simply not be so generic that it would "allow *any* previous determination of a deceptive act or practice to qualify as prior notice for any subsequent alleged deceptive act or practice." *Marrone*, 2006-Ohio-2869, at ¶ 23 (emphasis in original); *see also, e.g., Nathan*, 492 F. Supp. 3d at 766 (although involving used appliances, addressing similar misleading statements about appliance quality and operation) *Bartell v. LTF Club Operations Co., Inc.*, 2015 WL 1730415, at *10 (S.D. Ohio Apr. 14, 2015) (fitness industry was sufficiently similar to the dating service industry because both were "(1) services; (2) provided over an extended period of time; (3) with monthly payments."); *Walker v. Cedar Fair, L.P.*, 729 F. Supp. 3d 765, 772 (N.D. Ohio 2024) (prior notice "need not be industry-specific").

---

[9] The Revised Code requires court determinations to be published in the PIF on the Attorney General's website. *See* R.C. 1345.05(A)(3); opif.ohioattorneygeneral.gov (database of prior determinations that provide notice under O.R.C. §1345.09).



MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

Notably, this case *does* involve the same industry discussed in cases like *Fleskes* and *USA Direct* (buying clubs with direct-to-consumer sales at discount or wholesale prices). Costco states that unlike those cases, the Plaintiffs here "got exactly what they paid for at exactly the price they agreed to pay." Mot., p19. As discussed above, that is not true. Plaintiffs did not know that they were paying inflated prices for *unlawful* tariffs, or that the extra proceeds would ultimately be retained by Costco. Costco knew or should have known that it would be required to return to consumers any tariff-related amounts refunded by the government.

Costco also challenges *Fleskes* on the basis that it is a default judgment. *See* Mot., p19 (citing *Vuyancih v. Jones & Assocs. L. Grp., LLC*, 2018-Ohio-685 (Ohio Ct. App. 2018)). However, any final determination by an Ohio court suffices for notice. *See* O.R.C. §1345.05(A)(3); O.R.C. §1345.09(B); *Charvat v. Telelytics, LLC*, 2006-Ohio-4623, ¶¶42-45 (Ohio Ct. App. 2006) (recognizing that the OCSPA only requires notice in the form of a final determination—not an adversarial judgment with precedential value). Indeed, "[t]here is no such thing as a quasi judgment or second class judgment. It makes, no difference if the judgment was reached by default, consent, bench trial or jury trial." *Musuraca v. Kurlemann Builders, Inc.*, 2007 WL 9898980, at *1 (Ohio Ct. Com. Pl. Oct. 25, 2007) (discussing O.R.C. §1345.09(B)). Ohio courts continue to follow *Charvat* and its common sense interpretation of the plain language in the Ohio Revised Code. *See, e.g., Sharp v. Vaughanscapes LLC*, 2023 WL 12023093, at *5 (Ohio Ct. Com. Pl. May 16, 2023) (finding *Charvat* persuasive on the notice issue), *aff'd*, 2024-Ohio-4749, ¶ 55 (Ohio Ct. App. 2024).

In *Vuyancih*, the court disagreed with *Charvat*, instead relying on precedent from federal courts and holding that "consent or default judgments do not suffice as notice under R.C. 1345.09(B)" because they "have no analysis of any kind that put a defendant on notice that its specific conduct was deceptive or unconscionable under the CSPA." *Vuyancih*, 2018-Ohio-685, at ¶ 15. However, the reasoning in *Vuyancih* is inapplicable here because *Fleskes* is not a



MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

judgment without analysis. Rather, it is seven pages of findings of fact and conclusions of law, which was sufficient to notify Defendant that its conduct violated the OCSPSA.

**D. Plaintiffs Allege Unjust Enrichment**

Plaintiffs have also stated a claim for unjust enrichment. The three elements required for an unjust enrichment claim are: (1) a benefit conferred on one party to another; (2) appreciation and knowledge of the benefit by the party receiving it; and (3) acceptance of the benefit under circumstances that make it inequitable for the receiving party to retain the benefit without paying its value. *Dragt v. Dragt/DeTray, LLC*, 139 Wn. App. 560, 576 (Wash. Ct. App. 2007). Plaintiffs allege that they conferred a monetary benefit on Costco by paying prices increased to reflect unlawful tariffs. ¶¶6–11, 43–45. Costco now seeks refunds of those same tariffs from the government but has disclaimed any obligation to reimburse the consumers who bore the added costs. ¶¶57–61. This would result in Costco receiving an improper windfall. ¶68.

Costco's argument that Plaintiffs' unjust enrichment claim is legally insufficient, Mot., p20, fails because Plaintiffs do not bring a contract claim and do not allege any express agreement regarding the tariff refunds and overcharges paid by consumers during the tariff period. The Complaint pleads that the benefit sought to be restored is the money obtained through unlawful price increases. ¶86. Where no express contract governs the particular remedy sought in equity, unjust enrichment may proceed, and in all events it may be pled in the alternative. *See Greenberg,* 2026 WL 26011, at *9; *Young v. Young*, 164 Wash. 2d 477, 484 (Wash. 2008) ("Unjust enrichment is the method of recovery for the value of the benefit retained absent any contractual relationship because notions of fairness and justice require it"). And Costco's argument that Plaintiffs' claims are factually insufficient, when it claims that there is "nothing unjust" because it may retain purchase proceeds and pass any refunds prospectively, Mot., p20, ignores Plaintiffs' core allegations of double recovery. ¶¶57-61. *See Greenberg,* 2026 WL 26011, at *10.



MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

**E. Plaintiffs Allege A Claim For Money Had And Money Received**

A claim for money had and received applies where the defendant has received money that, "in equity and good conscience," should have been paid to the plaintiff and ought, "by the ties of natural justice," to be returned. *Seekamp v. Small*, 39 Wash. 2d 578, 584 (Wash. 1951). There is no requirement that a party have been the one to confer a benefit on the defendant to be entitled to disgorgement and restitution. *See id.* (a defendant can be liable for money had and received when the money it collected "should have been *paid to* the plaintiff," not paid by the plaintiff) (emphasis added). Plaintiffs allege that Costco passed the tariff costs on to them through increased prices and now has received, or expects to receive, government refunds for those same costs. ¶¶43–45, 57–61, 68. Because Plaintiffs bore the economic burden of the tariffs, equity and good conscience entitle them—not Costco—to the corresponding reimbursement.

Costco argues that Washington federal case law prevents Plaintiffs from bringing an equitable claim where there is a valid sales contract between the parties. Mot., p21 (citing *BP v. W. Coast Prods. LLC v. SKR Inc.*, 989 F. Supp. 2d 1109, 1121 (W.D. Wash. 2013)). As explained above, Plaintiffs do not allege the existence of a valid and enforceable contract. *See supra* § II.D. Whether such a contract exists presents a factual issue that cannot be resolved on the pleadings. Costco's argument also fails because any purported contract was unenforceable to the extent it incorporated unlawful tariff costs. *See In re Amazon Return Pol'y Litig.*, 2025 WL 1237665, at *2-3 (W.D. Wash. 2025).

**F. Plaintiffs State A Claim Under The Declaratory Judgment Act**

Costco asserts that Plaintiffs' claims under the Declaratory Judgment Act ("DJA") fail because they are not ripe and because their DJA claims rest upon Plaintiffs' success on their other claims. Mot., p22. For the reasons explained above, Plaintiffs' claims are both ripe (*see supra*. § I.A) and should not be dismissed under Rule 12(b)(6) (*see supra.* § II). Therefore, Plaintiffs' DJA claim should not be dismissed.



MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

**III. Plaintiffs' Case Should Not Be Stayed Under The First-To-File Rule**

"In applying the first-to-file rule, the Court looks to three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Coordes v. Wells Fargo Bank, N.A.*, 2019 WL 13201879, at *2 (E.D. Wash. Dec. 13, 2019). The first to file rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Behring Reg'l Ctr. LLC v. Wolf*, 2021 WL 1164839, at *1 (N.D. Cal. Mar. 26, 2021). Thus, a Court may "decline to apply the first-to-file rule in the interests of equity." *Coordes*, 2019 WL 13201879, at *2.

Costco urges this Court to apply the first-to-file rule and stay this case in favor the *Stockov*[10] matter because both are class actions seeking relief for purchasers of Costco products that paid unlawfully passed through IEEPA tariffs. Mot., p23. However, the cases involve different parties and different claims. Plaintiffs here reside and purchased Costco products in Ohio, California, Pennsylvania, and Washington. *See* ECF No. 1 at 4, 20-22. Plaintiff Stockov resides and purchased Costco products only in Illinois. *See Stockov*, ECF No. 1 at 2. Likewise, Plaintiffs here assert claims for violations of the Washington CPA, Unjust Enrichment, Money Had And Received, violations of OCSPA, violations of California's UCL, and declaratory relief. ECF No. 1 at 17-23. The plaintiff in *Stockov* meanwhile generally assert claims for violations of "state consumer fraud statutes," quasi contract/unjust enrichment, and money had and received. *Stockov*, ECF No. 1 at 10-13.

*Stockov* also does not address a key issue in this case: whether the nationwide, extraterritorial application of the Washington CPA prohibits the actions of Washington-based Costco for consumers across the country. The Washington legislature chose to prohibit unfair and deceptive practices within Washington's borders, which allows an out-of-state plaintiff to "bring a claim against a Washington corporate defendant for allegedly deceptive acts." *Thornell v. Seattle Serv. Bureau, Inc.*, 184 Wash. 2d 793, 804 (Wash. 2015). *See also Benson v. Double*

---

[10] *Stockov v. Costco Wholesale Corp.*, No. 1:26-cv-02734 (N.D. Ill. Mar. 11, 2026) ("*Stockov*").



MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

*Down Interactive, LLC,* 527 F. Supp. 3d 1267, 1270-1273 (W.D. Wash. 2021) (rejecting constitutional arguments against nationwide application of the Washington CPA). The *Stockov* motion to dismiss briefing contains no discussion of whether those plaintiffs state a claim under the Washington CPA and any decision on that motion will not resolve that question.

In *Stockov*, Costco has argued that the law of Illinois governed, as plaintiff resides in Illinois and bought Costco goods in Illinois. *Stockov*, ECF No. 23 at 12-13, 13 n.6. Thus, because no Plaintiff in this case resides in Illinois or purchased goods in that state, it would be impossible, under Costco's own logic, for adjudication of the claims in *Stockov* to resolve the claims here.

Courts in the Ninth Circuit routinely refuse to apply the first-to-file rule in these exact circumstances. *See, e.g., Behring*, 2021 WL 1164839, at *2 (refusing to apply first filed rule because "Defendants do not and cannot argue that the decision of the D.C. District Court will resolve this action."); *NWDC Resistance v. Immigr. & Customs Enf't*, 2019 WL 12262490, at *4 (W.D. Wash. May 30, 2019) ("courts may decline to apply the rule if the claims will require different legal analyses, even if the underling allegations are substantially similar"); *Iglesias v. Arizona Beverages USA, LLC*, 2023 WL 6795416, at *6 (N.D. Cal. Oct. 13, 2023) ("staying this action pending the outcome of the Missouri Litigation would not lead to any judicial efficiency, because there are no claims relating to or encompassing the putative class in this action"). For, in these types of situations, "it would be 'unjust or inefficient' to defer to the first-filed action." *Id.* at *5 (quoting *SMIC, Americas v. Innovative Foundry Techs. LLC*, 473 F. Supp. 3d 1021, 1024 (N.D. Cal. 2020)).

Last, the cases cited by Costco reached different conclusions because they involved second-filed actions that were subsumed by, and duplicative of, the first-filed case. *See e.g.*, *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1241 (9th Cir. 2015) ("If Noatex does not recover funds in the Mississippi interpleader action, Kohn Law will likely have no claim to those funds. And, if Noatex does recover funds in the Mississippi interpleader action, Kohn Law will likely recover funds."); *Woodard v. Boeing Emps. Credit Union*, 2023 WL 4847005, at



MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124

*3 (W.D. Wash. July 28, 2023) (transferring case to avoid "duplicate and inefficient actions proceeding in separate districts."). As explained above, that is not the case here. A stay is therefore unwarranted.[11]

**CONCLUSION**

For these reasons, the Court should DENY Costco's Motion.

Dated: July 31, 2026

By: */s/ Jason T. Dennett*
Jason T. Dennett, WSBA No. 30686
**MILBERG, PLLC**
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
Telephone:: +1.516.515.9124
jdennett@milberg.com

M. Anderson Berry, WSBA No. 63160
Timothy Emery, WSBA No. 34078
Brook Garberding, WSBA No. 37140
Gregory Haroutunian**
Brandon P. Jack**
**EMERY REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, Washington 98101
Telephone: +1.916.823.6955
anderson@emeryreddy.com
emeryt@emeryreddy.com
brook@emeryreddy.com
gregory@emeryreddy.com
brandon@emeryreddy.com

Terence R. Coates**
Dylan J. Gould**
**MARKOVITS, STOCK & DEMARCO, LLC**
119 E. Court Street, Suite 530
Cincinnati, OH 45202

[11] The close proximity of the date this case was filed and the date *Stockov* was filed also weigh against staying this action. *See Apple Inc. v. VoIP-Pal.com, Inc.*, 506 F. Supp. 3d 947, 960 (N.D. Cal. 2020) ("[C]ourts are less likely to apply the first-to-file rule when the cases are filed close together"); *Scholl v. Mnuchin*, 483 F. Supp. 3d 822, 827 (N.D. Cal. 2020) ("Where, as here, the cases are in their infancy and neither case has clearly expended more effort or made more progress, the rule's motivation and rationale is diminished.").

Telephone: +1.513.651.3700
tcoates@msdlegaf.com
dgould@msdlegal.com

Zachary Arbitman*
Nicole A. Maruzzi*
**FELDMAN SHEPHERD WOHLGELERNTER TANNER WEINSTOCK & DODIG, LLP**
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103
Telephone: +1.215.567.8300
zarbitman@fefdmanshepherd.com
nmaruzzi@feldmanshepherd.com

*Pro Hac Vice
**Pro Hac Vice Application Forthcoming

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Jason T. Dennett, hereby certify that on July 31, 2026, I caused the foregoing document to be filed with the Clerk of the Court using the Court's CM/ECF system. Notice of this filing will be sent by operation of the Court's CM/ECF system to all counsel of record registered to receive electronic service in this action. I certify that this memorandum contains 8,229 words, in compliance with the Local Civil Rules.

*/s/ Jason T. Dennett*
Jason T. Dennett



MILBERG, PLLC
1700 7TH Avenue, Suite 2100
Seattle, WA 98101
(516) 515 9124