THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID BRIGGS, MARCUS CARREON, ERIN CHARLTON, EMILY MALDONADO, KELSEY MORSE, ASHLEY PARKER, and KAREN WYGLE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation,<br><br>Defendant. | No. 2:26-cv-01064 JNW<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>NOTE ON MOTION CALENDAR:<br>August 7, 2026 |



**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
(213) 683-9100

# TABLE OF CONTENTS

Page

INTRODUCTION .......... 1
ARGUMENT .......... 1
I. This Court Lacks Jurisdiction .......... 1
II. Plaintiffs' Claims Fail on the Merits .......... 4
A. Plaintiffs Fail to State a Statutory Claim Under the CPA, UCL, or OCSPA .......... 4
1. Plaintiffs Do Not Allege a Cognizable Injury .......... 4
2. Plaintiffs Do Not Plausibly Allege Unfair, Unconscionable, or Deceptive Conduct .......... 4
3. Plaintiffs Do Not Plausibly Allege Causation .......... 6
4. The Court Should Dismiss the OCSPA Class Claims .......... 6
B. Plaintiffs' Equitable Claims Fail for Multiple Reasons .......... 6
C. Plaintiffs' Claim Under the Declaratory Judgment Act Fails .......... 8
III. Alternatively, This Case Should Be Stayed .......... 8
CONCLUSION .......... 12



**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
(213) 683-9100

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**


*Agri-systems v. W. Nat'l Assurance*,
2020 WL 6781685 (D. Mont.) ....9

*Amazon.com v. LightGuide*,
2023 WL 7328969 (W.D. Wash.) ....9

*Apple v. VoIP-Pal.com*,
506 F. Supp. 3d 947 (N.D. Cal. 2020) ....9

*Bates-Ferreira v. Swedish Match*,
2025 WL 950506 (E.D. Cal.) ....9

*BenefitElect v. Strategic Benefit Sols.*,
2019 WL 7134419 (D. Or.) ....9

*Boorstein v. Men's Journal*,
2012 WL 2152815 (C.D. Cal.) ....3

*In re Bozic*,
888 F.3d 1048 (9th Cir. 2018) ....12

*BP W. Coast Prods. v. SKR*,
989 F. Supp. 2d 1109 (W.D. Wash. 2013) ....7

*Center v. Pompeo*,
2018 WL 6523135 (W.D. Wash.) ....10

*Clardy v. Pinnacle Foods Grp.*,
2017 WL 57310 (N.D. Cal.) ....9

*Digital Mentor v. Ovivo USA*,
2018 WL 6724765 (W.D. Wash.) ....7

*Eller v. EquiTrust Life Ins.*,
778 F.3d 1089 (9th Cir. 2015) ....3, 5

*Ewalt v. Gatehouse Media Ohio Holdings II*,
2021 WL 825978 (S.D. Ohio) ....6

*Hanson v. Segway*,
2026 WL 710143 (W.D. Wash.) ....10, 11




**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
(213) 683-9100

*Klinger v. Wells Fargo Bank, NA*,
2010 WL 5138478 (W.D. Wash.) .....7

*Koehler v. Pepperidge Farm*,
2013 WL 4806895 (N.D. Cal.) .....11

*Kohn Law Grp. v. Auto Parts Mfg. Miss.*,
787 F.3d 1237 (9th Cir. 2015) .....8, 10, 11

*Langham-Hill Petroleum v. S. Fuels*,
813 F.2d 1327 (4th Cir. 1987) .....8

*Mastaba v. Lamb Weston Sales*,
23 F. Supp. 3d 1283 (E.D. Wash. 2014) .....7

*McGee v. Diamond Foods*,
2016 WL 816003 (S.D. Cal.) .....4

*McGee v. S-L Snacks Nat'l*,
982 F.3d 700 (9th Cir. 2020) .....2

*McKinney v. Bayer*,
744 F. Supp. 2d 733 (N.D. Ohio 2010) .....6

*Mehr v. Cap. One Bank USA N.A.*,
2019 WL 2428768 (C.D. Cal.) .....10

*Montes v. Sparc Grp.*,
2023 WL 4140836 (E.D. Wash.) .....3

*In re Pac. Mkt. Int'l*,
764 F. Supp. 3d 1026 (W.D. Wash. 2025) .....6

*In re Porsche Cars*,
880 F. Supp. 2d 801 (S.D. Ohio 2012) .....6

*Samson v. United Healthcare Servs.*,
2020 WL 3971390 (W.D. Wash.) .....12

*Scholl v. Mnuchin*,
483 F. Supp. 3d 822 (N.D. Cal. 2020) .....9

*Schwartz v. Frito-Lay N. Am.*,
2012 WL 8147135 (N.D. Cal.) .....10

*Vester v. Werner Enters.*,
2017 WL 1493673 (C.D. Cal.) .....11



**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
(213) 683-9100

*Vimo v. Norvax*,
2007 WL 9812883 (N.D. Cal.) ....................11

*Vista Cap. Invs. v. Nat. Shrimp*,
2020 WL 434562 (S.D. Cal.) ....................9

*Zaimi v. Costco Wholesale*,
2026 WL 1145798 (W.D. Wash.) ....................3

**State Cases**

*Boeing v. Sierracin*,
108 Wash.2d 38 (1987) ....................4

*Coast Trading v. Parmac*,
21 Wash. App. 896 (1978) ....................8

*Farwest Steel v. Mainline Metal Works*,
48 Wash. App. 719 (1987) ....................8

*Greenberg v. Amazon.com*,
3 Wash.3d 434, 462 (2024) ....................5

*Hall v. Time*,
158 Cal. App. 4th 847 (2008) ....................2

*Hawkinson v. Conniff*,
53 Wash. 2d 454 (1959) ....................7

*Koths v. Shagren*,
38 Wash.2d 52 (1951) ....................6

*Montes v. SPARC Grp.*,
6 Wash.3d 321, 337 (2026) ....................3, 6

*State v. Rose Chevrolet*,
1993 WL 229392 (Ct. App. Ohio) ....................5

**Statutes**

Declaratory Judgment Act ....................8



**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
(213) 683-9100

## INTRODUCTION

Plaintiffs' opposition cannot explain away the fundamental flaws in their claims. Plaintiffs lose on the merits because they cannot show the required element of injury: they purchased valuable goods from Costco without any promise that those prices were unaffected by tariff costs or that any tariff-related component of those prices would be refunded to them. Their "double recovery" theory is nothing more than an expression of their disappointment with the accurately posted prices they willingly paid, which is not enough to sustain their claims. There is nothing unfair or deceptive in raising prices based on market realities or retaining a customer's willing payment even if those realities later change. Finally, there is no jurisdiction because plaintiffs' claims are not ripe and plaintiffs have not sustained any injury.

This case therefore should be dismissed. In the alternative, the case should be stayed under the first-to-file rule given the earlier-filed *Stockov* action pending in the Northern District of Illinois. Plaintiffs do not identify any differences between the two cases that matter to the first-to-file analysis. The cases advance the same facts and theories of liability and involve overlapping putative classes, and parallel proceedings would risk inconsistent rulings and waste resources.

## ARGUMENT

### I. This Court Lacks Jurisdiction

Although Costco addresses jurisdiction first, Costco underscores its request that this Court reach the merits. Mot.8.

The government's tariff-refund process is underway, but that does not solve plaintiffs' ripeness problem. To date, Costco has received from the government approximately one-third of the total refunds that the company has requested, and Costco has started to return some refund amounts to members in the form of better values and lower prices on certain products. But plaintiffs' claims are not premised on Costco's receipt of only *some* tariff refunds or on what Costco chooses to do with that subset of refund amounts. Instead, those claims are predicated on a double-recovery scenario in which the government fully refunds all of the tariffs that Costco paid



**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
(213) 683-9100

and members supposedly shouldered, and Costco retains all of those refunds for itself. *See* Compl. ¶ 1; Opp.20. That scenario is hypothetical and unfounded.

Plaintiffs are wrong that Costco raises only "an argument about speculative future mootness." Opp.5. That assumes that plaintiffs have already suffered completed harm due to a "double recovery" by Costco—and they have not, because Costco has not "ret[ained] . . . windfall profits," Compl. ¶ 1. If (for instance) the government were to compensate Costco tomorrow for *all* tariff-related costs and Costco were to pass on *all* of that money to members in one form or another, no conceivable double recovery would ever have existed. In other words, the issue here is not whether Costco's future actions could moot a dispute that exists now (*contra* Opp.5), but whether any justiciable dispute ever will arise.

Equally fundamentally, plaintiffs have no viable theory of actual injury, and therefore lack standing, because they received the benefit of their bargain when they made purchases at Costco, regardless of whether the company considered tariff-related costs in setting the prices of the items that plaintiffs purchased. Mot.7-8. Plaintiffs paid accurately posted prices in exchange for valuable goods, and Costco made no promise that those prices were unaffected by tariff costs or that the company would pay out to members any future refund of any tariff-related component of those prices. In addition, plaintiffs do not allege any of the things that courts have deemed injuries in the retail-consumer context—for instance, purchases that were mislabeled, defective, different in any way than advertised, or fraudulently induced. Because plaintiffs received exactly what they bargained for, they have suffered no actual injury. *See, e.g.*, *McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 706 (9th Cir. 2020).

Plaintiffs have no answer to that argument. They complain that they experienced a "diminution of [their] money," Opp.10—but that is not a cognizable injury, because every consumer expends money when buying something. *E.g.*, *Hall v. Time*, 158 Cal. App. 4th 847, 855 (2008) (no actual injury when plaintiff "expended money" and "received a book in exchange"). Plaintiffs also assert that they could have paid a lower price absent tariffs and that the price they paid therefore does not reflect their current view of the value of the goods they received, Opp.11—



**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
(213) 683-9100

but that is ultimately just an expression of hindsight "disappointment" with their own choices, and such disappointment is not a cognizable injury either. *Montes v. SPARC Grp.*, 6 Wash.3d 321, 337 (2026); *accord Boorstein v. Men's Journal*, 2012 WL 2152815, at *4-5 (C.D. Cal.).

What plaintiffs do not and cannot allege is the one thing that can establish injury to a consumer in the retail context: that their money was "diminished *because of . . . unlawful conduct*." *Montes v. Sparc Grp.*, 2023 WL 4140836, at *2 (E.D. Wash.) (emphasis added; citation omitted). Plaintiffs concede that Costco was permitted to "respond[] to increased costs" imposed by the tariffs, Opp.1, and the law is clear that "a seller generally has no duty to disclose internal pricing policies or its method for valuing what it sells." *Eller v. EquiTrust Life Ins.*, 778 F.3d 1089, 1092-93 (9th Cir. 2015). Plaintiffs also do not allege that Costco falsely promised that its products were free of any tariff-related cost component.

The absence of any promise by Costco of "tariff-free" pricing distinguishes this case from *Zaimi v. Costco Wholesale*, 2026 WL 1145798 (W.D. Wash.), where the plaintiff alleged that she was fraudulently induced into purchasing a sofa by a false written promise of "free" shipping. Those allegations sufficed for actual injury because the plaintiff claimed that she was "induce[d] . . . into spending money she otherwise would not have spent, based on a misrepresentation." *Id.* at *6. Here, by contrast, Costco never promised plaintiffs that they were paying prices free of any tariff-related cost component.

Regardless of whether plaintiffs' theory of actual harm is cognizable, plaintiffs fail to plausibly allege that they themselves are "among the injured." Mot.7. Plaintiffs' conclusory allegation that they paid tariff-related price increases at Costco rests on speculation upon speculation—that the products they purchased were imported by Costco from a country subject to tariffs, that those products were subject to the tariffs, and that Costco raised prices on those specific products as a direct consequence of paying those tariffs. Costco's identification of those speculative inferences is not an impermissible "factual attack," Opp.5: all of the facts that undermine plaintiffs' claims appear in the complaint, including allegations recognizing that only



**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
(213) 683-9100

"importers of record" paid the tariffs, Compl. ¶ 36, and acknowledging that Costco's price increases were "selective," *id.* ¶ 51, and affected only "certain goods," *id.* ¶ 52.

## II. Plaintiffs' Claims Fail on the Merits

### A. Plaintiffs Fail to State a Statutory Claim Under the CPA, UCL, or OCSPA

#### 1. *Plaintiffs Do Not Allege a Cognizable Injury*

For the same reasons discussed above, plaintiffs fail to allege an injury that is cognizable under any of the statutes on which their claims are based. Plaintiffs received exactly what they paid for, at accurately posted prices, without any promise that those prices were tariff-free or that any tariff component would later be returned, and they therefore have not suffered any harm. *See* pp.2-3, *supra*.

#### 2. *Plaintiffs Do Not Plausibly Allege Unfair, Unconscionable, or Deceptive Conduct*

Plaintiffs' claims independently fail because plaintiffs do not plausibly allege an actionable act or practice under the CPA, UCL, or OCSPA. That is true both as to plaintiffs' "principal theory" that it is unfair or unconscionable for Costco to retain tariff refunds and obtain a so-called "double recovery," Opp.7-8, 13-15, and plaintiffs' alternative assertion that Costco acted deceptively in increasing selected prices due to tariffs and deciding to challenge the tariffs and allegedly retain any refunds, Opp.8-10.

***No unfairness or unconscionability***. What plaintiffs call a "double recovery" is mere hindsight disappointment. *See* pp.2-3, *supra*. Regardless, there is nothing legally unfair about the circumstances here. Adjusting prices to account for economic realities, including predicted future costs, is ordinary, legitimate business behavior, and it is equally legitimate for a business to decide how it will respond when predicted costs are offset or do not materialize—including, if it chooses, by increasing its profit margin. *See McGee v. Diamond Foods*, 2016 WL 816003, at *8 (S.D. Cal.) ("[I]ncreasing profit margins does not constitute an unfair business practice."); *Boeing v. Sierracin*, 108 Wash.2d 38, 54 (1987). Plaintiffs suggest that they could not make a "free and informed choice" because they could not determine which portion of the prices they paid at Costco



**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
(213) 683-9100

represented IEEPA tariffs. Opp.7. But consumers almost *never* know what and how particular costs are represented in any particular product price, *see Eller*, 778 F.3d at 1092-93, and plaintiffs admit that Costco was upfront that tariffs were affecting pricing, *e.g.*, Compl. ¶¶ 44, 49. This is far from a case in which a seller "unreasonably creates or takes advantage of an obstacle to the free exercise of consumer decisionmaking," such as price gouging during a national pandemic. *See Greenberg v. Amazon.com*, 3 Wash.3d 434, 462 (2024).

For the same reasons, there is no unconscionability here. *Contra* Opp.15-16. Plaintiffs' cited authority only highlights the incoherence of their theory. For example, in *Rose Chevrolet*, the defendant acted unconscionably because it knowingly and falsely classified cars as "'factory official' vehicles," allowing the cars to be sold for significantly higher prices. *State v. Rose Chevrolet*, 1993 WL 229392, at *1-2 (Ct. App. Ohio). Here, by contrast, Costco has not misclassified any products. Rather, as plaintiffs allege, Costco has simply made pricing decisions based on real-world market conditions—increasing prices on certain products when costs increased because of tariffs, and providing better value and lower prices when tariff refunds materialize. *See* Compl. ¶¶ 50, 57.

***No deception***. Plaintiffs' theory of deception cannot be reconciled with the express allegations in the complaint that Costco "publicly acknowledged" that tariffs would increase prices, *see* Compl. ¶¶ 44, 46, and later confirmed that it "had indeed raised the prices on certain products," *id.* ¶ 50. Especially in light of those statements, no reasonable consumer could understand Costco's earnings-call statements that it would "minimize the impact" of tariff-related cost increases and raise prices as a "last resort" to be an actionable promise not to raise prices because of tariffs.

Likewise, plaintiffs' theory that Costco failed to disclose its plan to challenge the tariffs fails. It assumes, with the benefit of hindsight, that there was something to disclose. But Costco had no obligation to disclose details about its legal strategy or assessment of its refund prospects. Costco publicly filed its CIT action, and plaintiffs could make their own assessment of its likely



**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
(213) 683-9100

outcome. Costco also was candid about its plans for returning value to members in some form if and when the government issued refunds. Compl. ¶ 57.

Finally, plaintiffs are wrong that unfairness or deception is solely a fact issue for a jury. Opp.13, 15. "[W]hether an act is unfair or deceptive may be decided on a motion to dismiss" so long as the relevant facts are not in dispute, *In re Pac. Mkt. Int'l*, 764 F. Supp. 3d 1026, 1036 (W.D. Wash. 2025)—and that is the case here.

#### 3. *Plaintiffs Do Not Plausibly Allege Causation*

Plaintiffs concede that they did not rely on any statements by Costco, Opp.11-12, and there is no omission alleged here that could have deceived plaintiffs. The complaint itself establishes that Costco *did* disclose that it increased prices due to tariffs, and Costco did not hide its public refund lawsuit. Compl. ¶¶ 50, 60. Plaintiffs' assertion that they would not have made purchases and paid inflated tariff prices but for Costco's alleged conduct (Opp.11, 16) thus rings hollow.

#### 4. *The Court Should Dismiss the OCSPA Class Claims*

Contrary to plaintiffs' argument, it is not "premature" to dismiss the OCSPA class claims. Opp.17. Dismissal of class claims is proper if the plaintiff does not sufficiently allege notice, *In re Porsche Cars*, 880 F. Supp. 2d 801, 869 (S.D. Ohio 2012), and courts routinely dismiss class claims on that basis at the motion-to-dismiss stage, *see, e.g.*, *Ewalt v. Gatehouse Media Ohio Holdings II*, 2021 WL 825978, at *19 (S.D. Ohio); *McKinney v. Bayer*, 744 F. Supp. 2d 733, 749 (N.D. Ohio 2010). Plaintiffs argue that the two cases cited in the complaint—*Fleskes* and *USA Direct*—are similar enough to the facts here to provide Costco sufficient notice. Opp.17-18. But plaintiffs have no explanation of how a case involving fraud (*Fleskes*) or a classic bait-and-switch (*USA Direct*) is in any way similar to this case, especially when plaintiffs disclaim fraud, Opp.9, 15; *see* Mot.18-19.

### B. Plaintiffs' Equitable Claims Fail for Multiple Reasons

Plaintiffs and Costco formed straightforward sales contracts when Costco accepted plaintiffs' offers to purchase goods at the posted prices. *See Montes*, 6 Wash.3d at 334; *Koths v. Shagren*, 38 Wash.2d 52, 53-54 (1951). That contractual relationship bars any quasi-contractual



MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
(213) 683-9100

recovery, whether styled as a claim for unjust enrichment or for money had and received. *Mastaba v. Lamb Weston Sales*, 23 F. Supp. 3d 1283, 1295-96 (E.D. Wash. 2014) (unjust enrichment); *BP W. Coast Prods. v. SKR*, 989 F. Supp. 2d 1109, 1121 (W.D. Wash. 2013) (money had and received).

Plaintiffs incorrectly contend that this rule applies only if the plaintiff alleges the existence of a contract in the complaint. Opp.21. If that were true, plaintiffs could plead around a contract simply by pretending that it does not exist. Plaintiffs cite no authority for such an illogical requirement. In any event, plaintiffs *did* allege all the elements of a contract: plaintiffs' voluntary payment for products Costco offered to sell at a specified price and plaintiffs' receipt of the products in return for the payment. *See* Compl. ¶¶ 18-24.

Plaintiffs also argue that their purchase contracts did not contain an express term that addressed tariffs. Opp.20. But that is irrelevant given that plaintiffs' equitable claims and the express contract that governs the relationship between the parties relate to the same subject matter—here, plaintiffs' alleged purchases at Costco. *See Digital Mentor v. Ovivo USA*, 2018 WL 6724765 at *12-13 (W.D. Wash.); *Klinger v. Wells Fargo Bank, NA*, 2010 WL 5138478, at *6 (W.D. Wash.). In any event, the purchase contracts *did* contain a term that covered tariffs and any other bases for Costco's pricing decisions: the posted price itself. Consumers do not know all of the reasons why a retailer offers a good at a specific price, but that does not make their purchase contracts any less binding.

Equally meritless is Plaintiffs' assertion that their purchase contracts were "unenforceable to the extent [they] incorporated unlawful tariff costs" (Opp.21). At the time plaintiffs made the purchases at issue, before the courts struck down the tariffs in February 2026, the tariffs were not unlawful; Costco was legally required to pay them. *See* Compl. ¶¶ 63, 78. It is simply not the case that consumers' contracts with retailers become unenforceable if the price of a purchased item reflected a judgment about an external cost that is later deemed unlawful (for instance, the cost of a court judgment that is later overturned on appeal). *See, e.g.*, *Hawkinson v. Conniff*, 53 Wash. 2d 454, 458 (1959) ("[M]oney voluntarily paid . . . with knowledge by the payor of the facts on which



**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
(213) 683-9100

the claim is based[] cannot be recovered on the ground that the claim was illegal, or that there was no liability to pay in the first instance."). No authority supports plaintiffs' contrary view, and it would create absurd and inequitable results. *See, e.g.*, *Langham-Hill Petroleum v. S. Fuels*, 813 F.2d 1327, 1330 (4th Cir. 1987).

At bottom, plaintiffs' "double recovery" theory fares no better as to their equitable claims than their statutory claims. Plaintiffs freely paid money to Costco for products that they decided to buy at the posted price, with full access to the information that some of Costco's prices were affected by tariffs and that Costco had filed suit to challenge those tariffs. There is nothing unjust about Costco retaining proceeds from the sale of valuable goods, or potentially deciding to pass refund amounts through to customers generally in the form of lower prices or other value. *See, e.g.*, *Coast Trading v. Parmac*, 21 Wash. App. 896, 902-03 (1978) (money had and received claim does not lie where plaintiff fails to identify "some recognized equitable principle"); *Farwest Steel v. Mainline Metal Works*, 48 Wash. App. 719, 732-33 (1987) (similar for unjust enrichment).

### C. Plaintiffs' Claim Under the Declaratory Judgment Act Fails

Plaintiffs concede that their claim under the Declaratory Judgment Act hinges on the survival of their other claims. Opp.21. Because plaintiffs' other claims should be dismissed, that claim fails as well.

## III. <u>Alternatively, This Case Should Be Stayed</u>

At minimum, this case should be stayed pending resolution of *Stockov*, an action pending in the Northern District of Illinois that was filed 16 days before this one. Each of the three relevant factors under the first-to-file rule—chronology of the actions, similarity of the parties, and similarity of the issues—weigh in favor of a stay if this case is not dismissed. *Kohn Law Grp. v. Auto Parts Mfg. Miss.*, 787 F.3d 1237, 1239 (9th Cir. 2015).

***Chronology of the Actions.*** The first factor supports applying the rule as a matter of straightforward chronology. The *Stockov* action was filed first and takes priority.

Plaintiffs do not meaningfully argue otherwise. Their footnoted argument (Opp.24 n.11) that there is a "close proximity" exception to the first-to-file rule does not identify a recognized



**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
(213) 683-9100

exception, *see, e.g.*, *Bates-Ferreira v. Swedish Match*, 2025 WL 950506, at *5 (E.D. Cal.), and the decisions cited in plaintiffs' footnote are readily distinguishable.

*Scholl v. Mnuchin*, 483 F. Supp. 3d 822 (N.D. Cal. 2020), bears no resemblance to this case. The two actions at issue there were "virtually simultaneous," *id.* at 827-28, whereas here this action lagged *Stockov* by more than two weeks.

*Apple v. VoIP-Pal.com*, 506 F. Supp. 3d 947 (N.D. Cal. 2020), is similarly irrelevant. The district court there declined to apply the first-to-file rule because the defendant was forum shopping and the court had existing familiarity with the parties' patent dispute by virtue of previously adjudicating substantially similar disputes between the parties. *See id.* at 958-59. Those considerations have no bearing here—and in any event, whether an efficiency or convenience "exception to the first-to-file rule applies should be decided by the court with the first-filed case." *Amazon.com v. LightGuide*, 2023 WL 7328969, at *2 (W.D. Wash.).

The court in *Apple* went on to note that the two actions at issue there were filed "within days of their counterparts," 506 F. Supp. 3d at 960—but again, this case is very different, because *Stockov* was filed over two weeks before this action (Mot.23), and Costco was served in *Stockov* more than a month earlier than here. *Compare* Dkt. 8 (April 17 service), *with Stockov* Dkt. 8 (March 13 service). Plaintiffs do not cite, and Costco is not aware of, any case within the Ninth Circuit that has found an equivalent gap in time to preclude application of the first-to-file rule. Indeed, courts routinely apply that rule where actions are filed fewer than 16 days apart. *See Agri-systems v. W. Nat'l Assurance*, 2020 WL 6781685, at *3 (D. Mont.) (staying case where first-filed action was filed "only a few hours" prior, and collecting cases applying rule where actions "were filed close in time"); *see also, e.g.*, *Vista Cap. Invs. v. Nat. Shrimp*, 2020 WL 434562, at *3-4 (S.D. Cal.) (nine days apart); *BenefitElect v. Strategic Benefit Sols.*, 2019 WL 7134419, at *1, *4 (D. Or.) (same); *Clardy v. Pinnacle Foods Grp.*, 2017 WL 57310, at *1 (N.D. Cal.) (one day apart).

***Similarity of the Parties.*** The second factor also weighs in favor of a stay. It is irrelevant that the *Stockov* plaintiff resides in a different state (Illinois) than the plaintiffs here. *Contra* Opp.22. Similarity is not assessed by comparing the named plaintiffs; rather, it is assessed by



**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
(213) 683-9100

analyzing the proposed classes to see whether they "seek to represent at least some of the same individuals." *Hanson v. Segway*, 2026 WL 710143, at *4 (W.D. Wash.); *see, e.g.*, *Center v. Pompeo*, 2018 WL 6523135, at *5 (W.D. Wash.). Otherwise, the first-to-file rule "would rarely apply in class actions," where "the principles of avoiding duplicative proceedings and inconsistent holdings are at their zenith." *Center*, 2018 WL 6523135, at *5 n.7.

Here, both cases seek to certify the exact same nationwide class: "all persons in the United States" who purchased goods from Costco "during the period February 1, 2025, through February 24, 2026," that were "subject to tariffs imposed under IEEPA." Compl. ¶ 78; *Stockov* Compl. ¶ 39. The members of the putative class here—including each of the named plaintiffs—fall within *Stockov*'s proposed nationwide class. *See, e.g.*, *Schwartz v. Frito-Lay N. Am.*, 2012 WL 8147135, at *3 (N.D. Cal.). That is enough to satisfy the similarity-of-parties factor. *See Center*, 2018 WL 6523135, at *5.

***Similarity of the Issues.*** The similarity-of-the-issues factor also supports application of the first-to-file rule. The Ninth Circuit requires only substantial similarity of the issues in the two cases—not identity of the claims. *See Kohn*, 787 F.3d at 1241. If both actions share "common facts" and present the "same central question," the issues are similar enough for the rule to apply. *Hanson*, 2026 WL 710143, at *4; *see also Mehr v. Cap. One Bank USA N.A.*, 2019 WL 2428768, at *4 (C.D. Cal.) (collecting cases recognizing that facts, not claims, are compared).

Plaintiffs identify no meaningful factual distinction between the two complaints—and none exists. The *Briggs* complaint closely tracks the *Stockov* complaint, advancing the same factual narrative and theories of liability. In other words, "the thrust of the lawsuits is identical." *Hanson*, 2026 WL 710143, at *4. Absent a stay, both actions would proceed simultaneously through overlapping discovery on the same factual allegations and present the same central question: whether Costco's alleged practice of passing IEEPA tariff costs onto customers was lawful, whether customers are entitled to refunds or restitution, and whether Rule 23's requirements can be satisfied. Such parallel proceedings would duplicate discovery, risk inconsistent rulings on



**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
(213) 683-9100

choice of law, class certification, and the merits, and waste judicial resources—the precise inefficiencies that the first-to-file rule is intended to prevent. *See Kohn*, 787 F.3d at 1239-40.

Instead of identifying any meaningful factual distinction, plaintiffs point to purported differences in the statutory claims. Opp.22. But the same Washington CPA, Ohio CSPA, and California UCL claims brought here are also at issue in *Stockov*. *See Stockov* Compl. ¶ 52(b), (h), (i). In any event, different state-law labels do not defeat substantial similarity where, as here, the factual theories and relief sought overlap. *See, e.g.*, *Hanson*, 2026 WL 710143, at *4 (issues are "not dissimilar solely because the later-filed case includes statutory claims that are not included in the first-filed case"); *Koehler v. Pepperidge Farm*, 2013 WL 4806895, at *5 (N.D. Cal.) ("Finding an insubstantial overlap because of the fact that the claims are asserted under different state laws would defeat the judicial efficiency rationale undergirding the first-filed rule."). None of plaintiffs' cited cases involved the circumstances presented here. *Contra* Opp.23 (citing *Behring Reg'l Ctr. v. Wolf*, 2021 WL 1164839 (N.D. Cal.) (different plaintiffs in non-class actions); *NWDC Resistance v. ICE*, 2019 WL 12262490, at *4 (W.D. Wash.) (similar); *Iglesias v. Arizona Beverages*, 2023 WL 6795416, at *6 (N.D. Cal.) (first-filed action did not plead claims on behalf of putative class in later-filed action)).

Plaintiffs argue that *Stockov* does not address whether Washington's CPA applies nationwide (Opp.22), but that is a choice-of-law issue for the class-certification stage, not a reason to deny a stay under the first-to-file rule. *See Vester v. Werner Enters.*, 2017 WL 1493673, at *5 (C.D. Cal.). Because the same statutory claims are already before the Illinois court, that court is capable of deciding whether Washington law governs any portion of the proposed class claims. Allowing a second putative nationwide class action to litigate the same question only creates the risk of inconsistent rulings on the choice-of-law issue and "runs directly counter to the goal of federal comity that underlies the first-to-file rule." *Vimo v. Norvax*, 2007 WL 9812883, at *2 (N.D. Cal.). Plaintiffs rely on Costco's pleading-stage choice-of-law argument in *Stockov* (Opp.23), but fail to recognize that the law governing an individual plaintiff's claim at the pleading stage says nothing about the *Stockov* court's ability to conduct a class-wide choice-of-law analysis later.



**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
(213) 683-9100

Because all three factors favor application of the first-to-file rule, and no exception applies, this case should be stayed if it is not dismissed. *See In re Bozic*, 888 F.3d 1048, 1053-55 (9th Cir. 2018) (transfer unavailable where, as here, the transferee court is an inappropriate venue); *Samson v. United Healthcare Servs.*, 2020 WL 3971390, at *6 (W.D. Wash.) (stay, or dismissal, is appropriate where transfer is unavailable).

## CONCLUSION

This action should be dismissed or, alternatively, stayed.



**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
(213) 683-9100

DATED this 7th day of August, 2026

I certify that this motion/memorandum contains 4,151 words, in compliance with the Local Civil Rules.

MUNGER, TOLLES & OLSON LLP

Brad D. Brian*
Brad.Brian@mto.com
Jennifer L. Bryant*
Jennifer.Bryant@mto.com
Alexis D. Campbell *
Alexis.Campbell@mto.com
350 South Grand Avenue, Fiftieth Floor
Los Angeles, CA 90071-3426
Phone: (213) 683-9100
Fax: (213) 687-3702

Elaine J. Goldenberg*
Elaine.Goldenberg@mto.com
601 Massachusetts Avenue NW, Suite 500 E
Washington, D.C. 20001
Phone: (202) 220-1100

Andrew T. Nguyen*
Andrew.Nguyen@mto.com
560 Mission Street, 27th Floor
San Francisco, CA 94105
Phone: (415) 512-4000

Nicholas P. Gellert, WSBA No. 18041
Nick.Gellert@ashurstperkins.com
**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: (206) 359-8000
Fax: (206) 359-9000

* Admitted *Pro Hac Vice*

*Attorneys for Defendant Costco Wholesale Corporation*

## CERTIFICATE OF SERVICE

I certify that on August 7, 2026, I caused to be electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, which automatically generates a notification of the filing to all parties in the case who are registered users of the CM/ECF system.

Dated: August 7, 2026

Brad D. Brian



**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
(213) 683-9100